# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JOHN R. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-CV-512 JVB |
| | ) |
| | ) |
| HONEYWELL INTERNATIONAL, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion of Defendant Honeywell International, Inc., to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6) (DE 12).

**A. Background**

Plaintiff John R. Carter, a member of United Auto Workers Union Local 9, became an employee of Honeywell following Honeywell's acquisition of Robert Bosch Corporation. Plaintiff sued Bosch and Honeywell under the Employee Retirement Income Security Act of 1974 (ERISA), the U.S. Labor Acts, the Equal Protection Clause, the Civil Rights Act of 1964, the Indiana Constitution, and on state law claims of breach of contract, gross negligence, and willful and wanton misconduct. He claims that he was not properly credited with all the years of service to which he is entitled under the May 3, 2007, collective bargaining agreement between

the UAW and Honeywell. He seeks thirty years of credited employment service for the calculation of his pension benefit instead of the thirteen years and eleven months determined by the UAW Pension Board of Administration.

Honeywell filed this motion to dismiss on December 12, 2009. Plaintiff has filed no response. Instead, on February 18, he filed a motion to amend his complaint, which he later withdrew. On March 10, 2009, the parties stipulated to the dismissal of Bosch. They also filed a stipulation to dismiss Honeywell, then the only remaining defendant, and to substitute UAW Master Pension Board of Administration as the sole Defendant. In an effort to understand the legal basis for the stipulation, which purported to add a party who had not been served to a complaint that made no allegations against it, the Court held a status conference on June 25, 2009. Instead of making any argument in support of the stipulation, Plaintiff insisted that he had filed an amended complaint making the Pension Board a party, apparently forgetting that the first amended complaint had been withdrawn. Because Plaintiff had not satisfied the Court that the stipulation was appropriate with respect to the new party, the Court ordered it stricken. On June 29 and July 17, 2009, Plaintiff filed a second and third motion to amend his complaint, both of which Magistrate Judge Christopher A. Nuechterlein denied on August 13, 2009.

**B. Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

2

"recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In deciding a motion to dismiss under Rule 12(b)(b), a court may properly consider documents referenced in the complaint and relied upon by the parties whose authenticity is not disputed. *See Minch v. City of Chicago*, 486 F.3d 294, 300 n.3 (7th Cir. 2007).

**C. The Motion to Dismiss**

Honeywell argues that it must be dismissed as an improper party because a suit to recover pension benefits must be brought against the plan itself, not the employer, where the employer has no authority over the plan's administration. Honeywell points out that Plaintiff relies on the UAW—Honeywell CBA and attached excerpts from the CBA to his complaint. Honeywell directs the Court's attention to Supplement F to the CBA, which contains the pension

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

3

plan for members at Honeywell's South Bend facility, where Plaintiff works. Under the plan Honeywell is neither the Plan Administrator nor a fiduciary. Moreover, Supplement F explicitly denies Honeywell the authority to review or alter Pension Board determinations. Honeywell contends that Plaintiff's ERISA claims against it must therefore be dismissed.

Regarding the state law claims, Honeywell maintains that they all relate to Plaintiff's claims for pension plan benefits governed by ERISA and are thus preempted and must be dismissed. His claim under Title VII of the Civil Rights Act of 1964 must be dismissed because of Plaintiff's failure to allege that he had filed a timely charge of discrimination with the Equal Employment Opportunity Commission and that he had received a right to sue letter, and because the dispute is governed by ERISA, not Title VII. His constitutional claims must be dismissed because the Equal Protection Clause prohibits government discrimination. Honeywell, a private employer, is not a government actor.

**D. Discussion**

The Court agrees that Honeywell is not a proper defendant under ERISA. Ordinarily ERISA permits suits to recover benefits only against the plan as an entity. *Neuma, Inc. v. Amp, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2004). Plaintiff has alleged no facts that would put Honeywell within the narrow exception permitting suits against the employer under ERISA when the plan and employer are "closely intertwined." *Id.*

The state law claims against Honeywell must be dismissed because they are preempted by ERISA. *See* ERISA § 514, 29 U.S.C. § 1144. Any state-law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts the clear congressional

4

intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Section 502(a) of ERISA permits participants to sue to recover plan benefits, to enforce their rights under the terms of the plan and to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). All of Plaintiff's state law claims against Honeywell are concerned with the same conduct that forms the basis of his ERISA claim. Accordingly, ERISA provides the sole means of enforcing Plaintiff's claim for additional years of credited service under the plan.

Plaintiff's Title VII claim must be dismissed because he has failed to allege exhaustion of the EEOC's administrative remedies. *See Doe v. Dairy*, 456 F.3d 704, 708–09 (7th Cir. 2006). Plaintiff has not claimed that he filed a charge of discrimination with the EEOC, nor does a right to sue letter accompany his complaint.

Plaintiff's constitutional claims under the Equal Protection Clause must fail as well. The Equal Protection Clause, by its express terms, applies to States, not private employers ("No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws.") *See AFL-CIO-CLC v. Weber*, 443 U.S. 193, 200 (1979) (holding that an agreement between a private employer and the UAW regarding affirmative action was not state action).

**E. Conclusion**

For all of the foregoing reasons, this Court GRANTS Honeywell's motion to dismiss Plaintiff's complaint against it ( DE 12). Because Honeywell is the last remaining defendant, this case is dismissed.

SO ORDERED on August 25, 2009.

                                                             s/ Joseph S. Van Bokkelen
                                                            Joseph S. Van Bokkelen
                                                            United States District Judge
                                                            Hammond Division